IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HÉCTOR A. ROBLES RODRÍGUEZ, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MUNICIPALITY OF CEIBA, et al.<br><br>Defendants. | CIVIL ACTION NO. _____ |
| LUZ N. HERNÁNDEZ RIVERA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>BAUTISTA REO P.R. CORP., et al.<br><br>Defendants. | |
| SCOTIABANK OF PUERTO RICO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MUNICIPALITY OF CEIBA, et al.<br><br>Defendants. | |

**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 12 U.S.C. § 1819(b)(2)(B) and/or 28 U.S.C. § 1442, the Federal Deposit Insurance Corporation (the "FDIC"), an agency of the United States of America, in its capacity as Receiver for Doral Bank (hereinafter, the "FDIC-R"), hereby removes the above-captioned action from the Commonwealth of Puerto Rico, Court of First Instance, Caguas Part, ("State Court"), to this Court, and states as follows:

I.   **BACKGROUND**

1. On February 27, 2015, Doral was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and the FDIC was appointed Doral Bank's receiver ("FDIC-R").

2. By operation of federal law, the FDIC-R, as receiver, succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, books and records, including Doral Bank's liabilities for certain claims raised in this pending action. *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

3. Specifically, the present action includes claims related to loans originated by Doral Bank or its subsidiary Doral Mortgage LLC, transferred to Doral Bank prior to February 27, 2015 and then sold by the FDIC-R to Banco Popular of Puerto Rico, Inc. ("BPPR") pursuant to a Purchase and Assumption Agreement entered into as of February 27, 2015 by and between BPPR, the FDIC, and the FDIC-R (the "P&A Agreement").[1] Under the P&A Agreement, BPPR purchased

---

[1] A copy of the P&A Agreement is available publicly on the FDIC's at:
https://www.fdic.gov/bank/individual/failed/doral-p-and-a.pdf

- 2 -

certain assets that belonged to the failed institution Doral Bank, but did not assume liabilities related to those assets involving the pre-closing conduct, acts or omissions of Doral Bank. Since Plaintiffs' claims asserted in the complaint arising from loans originated by Doral Bank or Doral Mortgage LLC are based exclusively upon conduct, acts, or omissions that occurred prior to February 27, 2015, the liability for those loans was retained by the FDIC-R and not sold to BPPR. Consequently, the FDIC-R substituted into this case as a defendant with respect to those claims arising from Doral Bank/Doral Mortgage LLC originated loans.

## II.  BASIS FOR REMOVAL

4. The above-captioned action is now removable pursuant to 12 U.S.C. § 1819(b)(2)(B) and/or 28 U.S.C. § 1442(a)(1).

5. First, the FDIC has a statutory right to remove cases pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *et* seq., codified in various sections of Title 12 of the United States Code. Specifically, 12 U.S.C. § 1819(b)(2)(B) states, in relevant part, as follows:

> (B) Removal
>
> > Except as provided in subparagraph (D), the Corporation may, without bond or security, remove **any action, suit, or proceeding** from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819(b)(2)(B) (emphasis added).[2]

6.  Second, in addition to the specific removal rights granted to the FDIC under 12 U.S.C. § 1819, Section 1442 of Title 28 provides, in relevant part, as follows:

> (a) A civil action … that is commenced in a State court and **that is against or directed to any of the following may be removed by them** to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1)  The United States **or any agency thereof** or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue..

28 U.S.C. § 1442(a) (emphasis added). The FDIC, in any capacity, is an agency of the United States, "without regard to whether the Corporation commenced the action." 12 U.S.C. § 1819(b)(1).

7.  Federal Court is the proper jurisdiction because all civil suits, in common law or in equity, to which the FDIC in any capacity is a party shall be deemed to arise under the laws of the United States unless the actions involve only the interpretation of state law.  12 U.S.C. § 1819(b)(2)(A) and (D).  Since FDIC Receiverships are created, operated, and terminated pursuant to federal law set forth in the Financial Institutions Reform, Recovery and Enforcement Act of 1989

---

[2] Subparagraph (D) of Section 1819(b)(2), as referenced in the quoted language above, does not apply in this instance.

("FIRREA"), 12 U.S.C. §§ 1819, *et seq.*, the FDIC-R will defend this action by asserting the provisions of FIRREA.[3]

8. The instant Notice of Removal is timely under both 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) since this Notice of Removal is being filed well within the 90-day period prescribed by 12 U.S.C. § 1819(b)(2)(B) following the FDIC-R's substitution as a party defendant into this action on March 21, 2018.

9. Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1442(a) and 1446(a), as this action was pending in the State Court, which is located in the District of Puerto Rico. *See also 12 U.S.C.* § 1821(d)(6) (only the U.S. district court for the district within which the failed depository institution's principal place of business was located or the U.S. District Court for the District of Columbia shall have jurisdiction to hear suits on creditor claims against an FDIC Receivership following exhaustion of administrative claims process.).

10. A copy of all pleadings, process and orders filed or issued in connection with this action and which the FDIC-R has in its possession are attached hereto as required by 28 U.S.C. § 1446(a). See **Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, and 1-F**. As the case record is voluminous and as most of the documents are in the Spanish language, the FDIC-R is filing contemporaneously herewith a separate motion requesting: a) a 20-day extension to submit the remaining case

---

[3] In this action, the FDIC-R will assert – among other things – colorable federal defenses and statutory special powers, such as 12 U.S.C. §§ 1821(d), (i), (l) and (j), 1821(e)(3)(B) and 1825(b), *See also, Gertner v. F.D.I.C.*, 814 F.Supp. 177 (D. Mass 1992) (FDIC as Receiver is only liable for actual direct compensatory damages determined as of the date of its appointment as Receiver); *Battista v F.D.I.C.*, 195 F.3d 1113 (9th Cir. (Cal) 1999) (FDIC as receiver is immune from prejudgment interest).

- 5 -

documents as soon as it obtains them from the state court; and b) a 60-day extension of time to submit certified translations of core case documents. If granted, the remaining core case documents will be submitted to the Court 60 days after issuance of an order granting the extension, and the remaining certified translations will be submitted to the Court on or before June 30, 2018.

11.   Pursuant to 28 U.S.C. § 1446(d), the FDIC-R will file in the State Court, and serve on all parties to this action, a copy of this Notice of Removal.

12.   Pursuant to 12 U.S.C. § 1819(b)(4), the FDIC-R is exempt from paying a filing fee in connection with this removal.

13.   The corresponding Category Sheet and Civil Cover Sheets are attached hereto. *See* **Exhibit 2** and **Exhibit 3**.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, March 27, 2018.

I HEREBY CERTIFY: That pursuant to 28 U.S.C. § 1446(d), on this same date the FDIC-R is providing written notice of this removal to all parties in this action and has sent a copy of this notice of removal to the Clerk of the Court of First Instance, Caguas Part. I FURTHER CERTIFY that, to such effects, on this same date I have notified via e-mail and/or certified mail the following persons:

1. **Lcdo. Jorge R. Calderón**, PMB 337, 425 Carr 693 Ste 1, Dorado, P.R. 00646-4817 (*jcalderon@jcllawpr.com*, *jocalo@microjuris.com*);
2. **Lcdo. Older Oller**, P.O. Box 223, Puerto Real, PR 00740 (*ollercordova@yahoo.com*);
3. **Lcda. Iris Y. Torréns**, P.O. Box 223, Puerto Real, PR 00740 (*iytorrens@yahoo.com*);
4. **Lcda. Rosa Rodríguez**, P O Box 3029, Carolina PR 00984 (*rodriguezrosam@gmail.com*);

5. **Lcdo. Arnaldo Rivera Seda**, Edificio María Isabel, Calle Villa #125, Suite 2 (Bajos), Ponce, Puerto Rico 00717 (*arnaldo@riverasedallc.com*);
6. **Lcdo. José L. Ramírez Coll**, PO Box 13128, San Juan, PR 00908 (*jramirez@amrclaw.com*);
7. **Lcda. María L. Montalvo Vera**, PO Box 13128, San Juan, PR 00908 (*mmontalv@amrclaw.com*);
8. **Lcdo. Alfredo Fernández**, P.O. Box 8387, Fernández Juncos Station, San Juan, Puerto Rico 00910-8387 (*afernandez@delgadofernandez.com*, *parnell@gurleyvitale.com*);
9. **Lcdo. José R. Marchand**, P.O. Box 8387, Fernández Juncos Station, San Juan, Puerto Rico 00910-8387 (*jmarchand@delgadofernandez.com*, *parnell@gurleyvitale.com*);
10. **Lcda. Betmar R. López**, PO Box 190308, San Juan, PR. 00919-0308 (*lopezpaganlaw@gmail.com*);
11. **Lcda. Rebecca Barnés Rosich**, P.O. Box 331031, Ponce, PR 00733-1031 (*rebecabarnes@bufetebarnes.com*);
12. **Lcda. Sonia Sierra**, P.O. Box 331031, Ponce, PR 00733-1031 (*ssierra@bufetebarnes.com*);
13. **Lcdo. Luis Román Barranco**, PO Box 9023904, San Juan, PR, 00902 (*lroman@lmlawpr.com*);
14. **Lcdo. Luis Martínez Lloréns**, PO Box 9023904, San Juan, PR, 00902 (*lmartinez@lmlawpr.com*);
15. **Lcdo. Nélson Córdova**, 220 Domenech Ave., Suite 255, San Juan PR 00918 *(ncordova@cordovamorales.com*);
16. **Lcda. Teresita Rosario Badillo**, 1106 Calle Piccioni, Apt. 5, San Juan, Puerto Rico 00907 (*trosariobadillo@yahoo.com*);
17. **Lcdo. Ricardo Castro Vargas**, Centro Internacional de Mercadeo, Torre II, Suite 309, 90 Carr. 165, Guaynabo, PR 00968 (*castrovargaslaw@gmail.com*);
18. **Lcdo. Carlos Mondríguez**, Apartado 1211, Las Piedras, P.R. 00771 (*carlosmondriguez@gmail.com*);
19. **Lcda. Marangelí Acevedo**, Apartado 1211, Las Piedras, P.R. 00771 (*acevedo.marangeli@gmail.com*);
20. **Lcdo. Elí Galarza**, PO Box 9191 Humacao PR 00792-9191 (*galarzaeli@gmail.com*);
21. **Lcdo. Luis Santiago Rivera**, 64 Calle Dufresne E. Ste. 3 Humacao, PR (*lrsantiago@coqui.net*);
22. **Lcdo. Homero González**, #1126 Ashford Ave., Suite C-10, The Diplomat Condominium, San Juan, PR 00907 (*bufete@gllalaw.com*);
23. **Lcda. Azalea M. Figueroa**, #1126 Ashford Ave., Suite C-10, The Diplomat Condominium, San Juan, PR 00907 (*afigueroa@gllalaw.com*);
24. **Lcdo. Francisco Colón Ramírez**, PO Box 361920 SAN JUAN, P.R. 00936-1920 (*fecolon@colonramirez.com*);
25. **Lcdo. Héctor Mármol Lantigua,** PO Box 361920 SAN JUAN, P.R. 00936-1920 *(hmarmol@colonramirez.com);*

26. **Lcdo. Francisco Mercado**, PO Box 9023355, San Juan PR 00902-3355 (*fmercado@colonlaw.com*);
27. **Lcdo. Roberto del Toro**, P.O. Box 11155, San Juan, PR 00922-1155 (*rtoro@universalpr.com*);
28. **Lic. Iván Rodríguez Arsuaga,** P.O. Box 11155, San Juan, PR 00922-1155 (*ivrodriguez@universalpr.com*);
29. **Lcda. Yasmín Vázquez**, PMB 407, Ave. Esmeralda 405 Suite 2, Guaynabo, P.R. 00969 (*yvazquez@vazquezestrellalaw.com*);
30. **Lcdo. Alberto Estrella**, PMB 407, Ave. Esmeralda 405 Suite 2, Guaynabo, P.R. 00969 (*aestrella @vazquezestrellalaw.com*);
31. **Lcdo. Adrián Díaz Díaz,** Bairoa, Calle 32 AM-17, Caguas, PR 00725 *(adiaz@diazlawpr.com);*
32. **Lcdo. Sergio Ramírez de Arellano,** Edif. Banco Popular Center, 209 Ave Muñoz Rivera, Ste. 1022, San Juan, PR 00918 (sramirez@sarlaw.com);
33. **Lcdo. Antonio Roig Lorenzo,** 250 Ave Muñoz Rivera Ste 800San Juan, Puerto Rico 00918-1813, *(antonio.roig@oneillborges.com);*
34. **Luis M. Carrión López,** Box 394, Luquillo, P.R. 00773;
35. **Santerini Construction, Inc**., PO Box 2059, Yabucoa PR 00767-2059.

**TORO COLÓN MULLET, P.S.C.**
*Attorneys for the FDIC-R*
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

/s/MANUEL FERNÁNDEZ-BARED
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcm.law

/s/ RUSSELL DEL TORO-PARRA
RUSSELL DEL TORO-PARRA
USDC-PR No. 302605
E-mail: rdeltoro@tcm.law