## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HECTOR A. ROBLES RODRIGUEZ**, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>**MUNICIPALITY OF CEIBA**, *et al.*,<br>    Defendants. | Civil No. 18-1168 (ADC/BJM) |

### ORDER

The Appearing Plaintiffs[1] took out loans from Doral Bank to purchase homes in Hacienda Las Lomas, a housing development in Ceiba, Puerto Rico. When Doral Bank failed in February 2015, the Federal Deposit Insurance Corporation was appointed its Receiver ("FDIC-R"). Before the court is the FDIC-R's motion to dismiss the claims against it for lack of subject matter jurisdiction and Appearing Plaintiffs' motion to compel production of documents. Dkt. 70; Dkt. 84. This motion to dismiss has been referred to me for a report and recommendation. Dkt. 104. But before the court can properly address the

---

[1] Not every plaintiff in this litigation alleges a claim against the FDIC-R. The "Appearing Plaintiffs" for the purposes of this motion are: "Roberto Cruz Millán, Neysa Hernández Ramírez, on their own behalf and on behalf of minors KDCH and AECH; Carlos G. Santiago Ayala, Maritza Huertas Pérez and their conjugal partnership on their own behalf and on behalf of their conjugal partnership; Domingo García Parrilla, Ada Belén Ayala Brenes on their own behalf; Leticia Cruz Millán on her own behalf; Wilmaris Robles Rivas on her own behalf; Omar Méndez Rosa, Suheily María Maldonado Cortés and their conjugal partnership, on their own behalf, on behalf of minors AGRM and JARM and on behalf of their conjugal partnership; Carmen Lina Morales Félix on her own behalf; Francesca Anna Rodríguez Morales on her own behalf and on behalf of minor JPR, and Bethmarie Vázquez Rodríguez on her own behalf; Frances T. Serra Morales, Jose Vidal Arroyo Rivera and their conjugal partnership, on their own behalf, and on behalf of their conjugal partnership, Geraldine Arroyo Serra on her own behalf; Lydia Esther Pérez Maysonet on her own behalf, Jossie Francheska Colón Pérez on her own behalf; Orlando Morales Rivera, Quetcy Evette Soler Santana and their conjugal partnership, on their own behalf, on behalf of minors JMS, KMS, LBL, GCL and EMT, and on behalf of their conjugal partnership; Ismael Ríos Feliciano on his own behalf; Benjamín Rodríguez Meléndez, Maribel Maldonado Camacho and their conjugal partnership on their own behalf and on behalf of their conjugal partnership; Miguel Angel Mercado Cruz on his own behalf and on behalf of minor JMMP; Sarah Mercedes Roldán Mercado on her own behalf and on behalf of minors YIBR and JPR; Raidza Fragosa Cruz, Samuel Ortiz Ortiz on their own behalf; Jon Paul Rodríguez Fontanez, Madelyn Aponte Martínez, on their own behalf, and on behalf of minors JLCA and JJCA; and Manuel Morales Estrada, Yadira León Díaz, on their own behalf and on behalf of minors LBL, GCL and EMT." Dkt. 85 at 1 n.1.

motion to dismiss, the Appearing Plaintiffs' motion to compel the FDIC-R to produce documents related to this dispute must be addressed. Both parties submitted briefs. Dkt. 84; Dkt. 91; Dkt. 101-1; Dkt. 108-1.

Appearing Plaintiffs move to compel the FDIC-R to timely produce the certified mail receipts for notices sent to the Appearing Plaintiffs and their attorneys and a copy of the Proof of Claim form in each of those mailings. Dkt. 84. The mail receipts for Appearing Plaintiffs and their former counsel are at Docket Number 94-3 and Number 94-4, so the motion to compel production of those receipts should be denied as moot. A copy of the Proof of Claim form, however, has not been produced.

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery includes forms such as this that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1). Appearing Plaintiffs seek to show that the mailed notice was insufficient, and the opportunity to examine a proof of claim form is vital to that effort. *See* Dkt. 84 at 10 (citing *Cipponeri v. FDIC*, Case No. 09-00688, 2010 WL 2573994, at *5 (E.D. Cal. June 24, 2010)).

Appearing Plaintiffs contend that an error in the form could be relevant to this case and the FDIC-R's failure to produce here when it has in analogous cases is notable. Dkt. 84 at 9–10. The FDIC-R contends that it is being reasonable in withholding the proof of claim form that accompanied the mailings because one recipient shared his form with three Plaintiffs who are not entitled to submit claims because they are not borrowers of Doral Bank. Dkt. 91 at 7–8. The FDIC-R argues that it cannot ensure compliance if someone submits a claim on another's form, so it made the "legitimate and reasonable decision to keep the Proof of Claim *form* confidential in this case." Dkt. 91 at 8. Appearing Plaintiffs note the misuse of the term of art "confidential" here, which is not based on the Federal Rules of Evidence. Dkt. 101 at 2–3. Indeed, the form would have been received by each Appearing Plaintiff but for the FDIC-R's misaddressed envelopes, and presumably was received in the mailings to Appearing Plaintiffs' then-counsel.

A photocopy of the Proof of Claim form in this case must be provided to Appearing Plaintiffs. It seems unlikely that the FDIC-R could be so bamboozled by a proof of claim form on which the name of the claimant does not match the name associated with the form's serial number as to accept a false claim. Production of a proof of claim form will cause very little additional work for the FDIC-R in this case. The FDIC-R may place a notation in the top right corner of the form to ensure that it can be properly flagged if erroneously submitted for a claim.

The copy of the original Proof of Claim forms mailed to claimants and their counsel must be produced by April 29, 2019. The Appearing Plaintiffs will have until May 6, 2019 to file a supplemental brief to the Motion to Dismiss with any additional arguments or evidence raised by the proof of claim form; additional arguments unrelated to the form will not be entertained.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of April, 2019.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge