**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HECTOR A. ROBLES-RODRIGUEZ, et al., | |
| Plaintiffs, | |
| v. | Civil No. 18-1168 (ADC) |
| MUNICIPALITY OF CEIBA, et al., | |
| Defendants. | |

<u>**OPINION & ORDER**</u>

Before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Bruce J. McGiverin, recommending the Court grant a motion for partial dismissal filed by the Federal Deposit Insurance Corporation ("FDIC") as Receiver of Doral Bank. **ECF Nos. 70, 124**. The "Appearing Plaintiffs," a shorthand used by the parties and Magistrate Judge and adopted herein to reference a large group of plaintiffs involved in this matter, opposed the motion for partial dismissal and filed objections to the R&R. **ECF Nos. 85, 117, 127**. The FDIC filed a response to Appearing Plaintiffs' objections, which Appearing Plaintiffs later moved to strike. **ECF Nos. 129, 131**.

For the following reasons, the Court hereby **ADOPTS** the R&R's recommendations and hereby **GRANTS** FDIC's motion for partial dismissal, at **ECF No. 70**. Appearing Plaintiffs'

objections at **ECF No. 127** are **OVERRULED**. Appearing Plaintiffs' filing at **ECF No. 131** is **DENIED**. The remaining claims are hereby **REMANDED** to state court.

I.     Background

The Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ordered Doral Bank ("failed bank" or "failed institution") to close on February 27, 2015. **ECF No. 1** at 2. On that same day, the FDIC was appointed as receiver of the failed institution. *Id*. Notice of the appointment and receivership was published in various news outlets including local newspapers. **ECF No. 94-1** at 24-43. The FDIC also executed a purchase and assumption agreement with Banco Popular of Puerto Rico ("Banco Popular") transferring to Banco Popular certain failed bank's assets, including loans related to Hacienda Las Lomas, a residential development project. *Id*. However, the FDIC agreed not to transfer certain liabilities related to the Hacienda Las Lomas assets purchased by the Banco Popular under the purchase and assumption agreement. *Id* at 3.

Since 2015, Appearing Plaintiffs filed various claims at the Commonwealth of Puerto Rico Court of First Instance related to Hacienda Las Lomas' issues, which include claims related to failed bank's acts or omissions. **ECF Nos. 4-1, 4-2, 45-6** at 1**, 45-2** at 24**, 45-12** at 79. However, Appearing Plaintiffs did not include failed bank or the FDIC as defendants. **ECF No. 94** at 19. Moreover, it was not until a couple of years into the state court litigation that the Appearing Plaintiffs included Banco Popular as defendant for the first time. **ECF No. 4-1**.

On February 2018, the FDIC sent a "Notice to Discovered Claimant to Present Proof of Claim" ("notice letters") to every Appearing Plaintiffs identified as borrower of failed bank. **ECF 10** at 4, **94-3, 94-4, 94-5**. Copy of those notice letters were also forwarded to and received by Appearing Plaintiffs' four attorneys of record. **ECF Nos. 72-1, 72-2, 72-3, 72-4, 94-4** at 45-47, **94-4** at 49-51. As stated in the notice letters, the FDIC set May 2018 as a late-creditor claim submission deadline for Appearing Plaintiffs. **ECF Nos**. **94-3, 94-4, 94-5.** The notice letters identified the deadline, included information regarding FIRREA's administrative claims process, and provided instructions regarding the submission of claims. *Id*. The notice letters also attached "Proof of Claim" forms. **ECF No. 114-1.** Then, in March 2018, the FDIC moved for substitution in state court and filed a notice of removal pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *et* seq. ("FIRREA"). **ECF No. 1**.

Due to the mandatory nature of the administrative claim process, the FDIC requested a stay of Court proceedings until the exhaustion and conclusion of the administrative claim process. **ECF No. 10** at 4-5. A group of Appearing Plaintiffs requested extension of time to announce legal representation and alleged communication issues with one of their four attorneys of record. **ECF No. 54**. They also submitted a couple of communications between them and counsel dating back to April 2018. **ECF Nos. 54-3**. The Court granted Appearing Plaintiffs' request at **ECF No. 54**, FDIC's filing at **ECF No. 10,** and stayed the case in light of the administrative claim process. **ECF No. 68.**

On October 31, 2018, the FDIC moved to dismiss all claims related to failed bank's acts or omissions pursuant to Fed. R. Civ. P. 12(b)(1) and 12 U.S.C. § 1821(d)(5)(C); § 1821(d)(13)(D) for lack of subject matter jurisdiction due to Appearing Plaintiffs' failure to timely submit proofs of claims or failure to exhaust administrative claim process ("motion for partial dismissal" or "motion to dismiss"). **ECF No. 70**. Considering several filings by the parties, at **ECF Nos. 71, 72, 73, 74**, the Court lifted the stay, denied Appearing Plaintiffs' motion to strike FDIC's motion for partial dismissal, and granted Appearing Plaintiffs thirty days to file a response. **ECF No. 76**.

Appearing Plaintiffs filed a motion to compel the FDIC to produce various documents including, among other things, "certified mail receipts for all of the [n]otice [l]etters," and copies of the "[p]roof of [c]laim form[s]." **ECF No 84**. On January 10, 2019, the Appearing Plaintiffs filed an opposition to FDIC's motion to dismiss. **ECF No. 85**. In reaction to these motions, the FDIC filed a reply supported by a supplemental declaration under penalty of perjury and copies of several documents, including the documents that Appearing Plaintiffs' requested through their motion to compel. **ECF Nos. 94, 94-1, 94-2, 94-3, 94-4, 94-5**. Appearing Plaintiffs filed a "Combined Sur-reply[]." **ECF No 101-1**. Among other things, Appearing Plaintiffs requested FDIC's filings at **ECF No. 94** to be stricken from the record, including the supplemental declaration under penalty of perjury and related attachments (**ECF Nos. 94-1, 94-2, 94-3, 94-4, 94-5**). The Combined Sur-reply also restated the request at **ECF No. 84** to compel production of documents. **ECF No. 101-1** at 24-25.

On March 7, 2019, the Court referred "the motion for partial dismissal and interrelated motion to compel, and all relevant filings thereto, **ECF Nos. 70, 71, 72, 80, 84, 85, 87, 91, 94, 101**, to U.S. Magistrate Bruce J. McGiverin for a Report and Recommendation." **ECF No. 104**. A couple of days after the referral order, the FDIC requested an extension of time to file a response to **ECF No. 101**, leave to file pages in excess, and a second motion requesting leave to file a response to Appearing Plaintiffs Sur-reply. **ECF Nos. 103, 107, 108, 109**.

Soon thereafter, the Magistrate Judge granted FDIC's filings at **ECF Nos. 103, 108, 109.** In addition, on April 22, 2019, the Magistrate Judge entered a separate order at **ECF No. 113**, which was not timely objected by Appearing Plaintiffs. The order at **ECF No. 113** provided that "before the court can properly address the motion to dismiss, the Appearing Plaintiffs' motion to compel the FDIC-R to produce documents related to this dispute must be addressed. Both parties submitted briefs. Dkt. 84; Dkt. 91; Dkt. 101-1; Dkt. 108-1." **ECF No. 113**. Addressing Appearing Plaintiffs' motion to compel and the Combined Sur-reply, the Magistrate Judge determined that since "mail receipts for Appearing Plaintiffs and their former counsel are at **Docket Number 94-3 and Number 94-4**, [] the motion to compel production of those receipts should be denied as moot." **ECF No. 113** at 2 (emphasis added). The Magistrate Judge also granted in part Appearing Plaintiffs' motion to compel and explicitly ordered the FDIC to provide "copy of the original Proof of Claim forms mailed to claimants and their counsel." *Id*. at 3. Finally, the Magistrate Judge granted Appearing Plaintiffs until May 6, 2019 to file a supplemental brief with additional

arguments or evidence. *Id*. Appearing Plaintiffs did not submit any objections in connection with the order at **ECF No. 113.**

The FDIC filed a motion in compliance with the Magistrate Judge's order and, among other things, submitted copies of the proof of claim forms included with the notice letters to Appearing Plaintiffs. **ECF No. 114**. Appearing Plaintiffs filed a motion in compliance as well. **ECF No. 117**. The FDIC filed a response. **ECF No. 120**. The Magistrate Judge issued the R&R, and issued separate orders granting several filings. **ECF Nos. 124, 125, 126.**

On May 31, 2019, Appearing Plaintiffs filed objections to the R&R. **ECF No. 127.** The FDIC responded. **ECF No. 129**. Finally, Appearing Plaintiffs moved to strike FDIC's response and the FDIC opposed. **ECF Nos. 131, 132**.

## II.     Legal Standard

Magistrate judges are granted authority to make recommendations on pretrial matters dispositive of a claim or defense, while the ultimate resolution of dispositive motions remains at the discretion of the presiding judge. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a), (b)(1); *accord* Loc. Civ. R. 72(a)(7)–(9). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "The district

court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States,* Civ. No. 06–1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir. 1987)).

Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to … submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.,* 286 F.Supp.2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández–Mejías v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–26 (D.R.I. 2004)).

Finally, under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a complaint under Rule 12(b)(1), courts "construe the [c]omplaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (alteration in original) (citation and internal quotation marks omitted). A complaint, so construed, must be dismissed under Rule 12(b)(1) if the Court lacks subject-matter jurisdiction to adjudicate its claims.

## III. Discussion

Appearing Plaintiffs' six objections to the R&R include a collection of arguments and references to previous briefs. **ECF No. 127.** The Court will address each argument in turn and provide a *de novo* review to Appearing Plaintiffs' timely objections.[1]

### A. First Objection: Failure to Comply with Mandatory Notice Requirement

Appearing Plaintiffs' first objection, and the crux of this litigation, is that the FDIC "violated" their statutory rights and due process because it "never complied with [the] mandatory notice requirement under federal law of individualized notice by mail" pursuant to 12 U.S.C. § 1821(d)(3)(C). **ECF No. 127** at 6-7, 9, 13, 16, 17, 20, 21, 22, 23, 24.[2] Allegedly, FDIC's omission made it impossible for "them to file claims with the FDIC before expiration" of the bar date. **ECF No. 85** at 23. Furthermore, according to Appearing Plaintiffs, FDIC's failure to mail

---

[1] The Court will not address general and conclusory arguments.
[2] *See* **ECF Nos. 85** at 3, 5, 15, 19-21, 23; **101-1** at 13-14, 23-24.

individual notices to each of them with information regarding the "deadline which bars the filing of claims that 12 U.S.C. § 1821(d)(3)(C) specifically requires," could not be substituted by the FDIC's constructive notices through either publication in newspapers, certified mail delivery to Appearing Plaintiffs' counsel, or by court filings. **ECF No. 127** at 9, 12, 13, 16-24. Finally, Appearing Plaintiffs argue that, if the Court rejects this argument, it should allow Appearing Plaintiffs to amend the complaint in order to "add a due process claim" against the FDIC for "ignoring its statutory mandate under FIRREA to give notice by mail." **ECF No. 127** at 7; **ECF No. 85** at 24. The Court does not agree with Appearing Plaintiffs.

### i.    *Administrative Claim Process under FIRREA*

The binding authority in this jurisdiction renders clear that, "where a claimant has been properly notified of the appointment of a federal insurer as receiver, 12 U.S.C. § 1821(d)(3)(B)–(C), and has nonetheless failed to initiate an administrative claim within the filing period, 12 U.S.C. § 1821(d)(3)(B)(i), the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court." *Id*. at 1152 (citing 12 U.S.C. § 1821 (d)(5)(C)(i)). FIRREA's notice requirement is multifaceted. "Section 1821(d)(13)(D)(i) bars all claims against the assets of a failed financial institution which have not been presented under the administrative claims review process." *Simon v. F.D.I.C.*, 48 F.3d 53, 56 (1st Cir. 1995); *see also Marquis v. F.D.I.C.*, 965 F.2d 1148 (1st Cir. 1992); *Demelo v. U.S. Bank Nat. Ass'n*, 727 F.3d 117 (1st Cir. 2013); *Acosta–Ramírez v. Banco Popular de P.R.*, 712 F.3d 14 (1st Cir. 2013).

The FDIC is required to "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice" and to republish that notice again one and two months later. 12 U.S.C. § 1821(d)(3)(B). Additionally, the FDIC, as receiver, "shall mail a notice similar to the notice published. . . at the time of such publication to any creditor shown on the institution's books," directing the mailing to "the creditor's last address appearing in such books." *Id*. § 1821(d)(3)(C)(i). Or, "upon discovery of the name and address of a claimant not appearing on the institution's books," the FDIC shall mail notice to that claimant "within 30 days after the discovery of such name and address." *Id*. § 1821(d)(3)(C)(ii).

Since *Maldonado–Vaillant v. FDIC*, No. 10–1700 (JAG), 2011 WL 1545429, at *2 (D.P.R. April 25, 2011) this District Court has held that FDIC's failure to mail notice under 12 U.S.C. § 1821(d)(3)(C) "will not exempt the claimant from exhausting the administrative process. The statute does not provide a waiver or exception if the notice is not mailed." *Id*. at 2. Furthermore, this Court held that "the only notice required by FIRREA is one that makes claimants aware of the FDIC's appointment as receiver, through either personal knowledge or a representative." *F.D.I.C. v. Estrada-Colón*, 848 F.Supp.2d 206, 210 (D.P.R. 2012). Accordingly, the notice requirements of 12 U.S.C. § 1821(d)(3)(B)-(C) are deemed satisfied "[a]s long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative." *Fed. Deposit Ins. Coporation v. Nieves-Rodríguez*, No. 15-2257 (GAG), 2016 WL

6648730, at *2 (D.P.R. Nov. 10, 2016); *F.D.I.C. v. Beneficial Mortg. Corp.*, 858 F.Supp.2d 196, 203 (D.P.R. 2012); *Fed. Deposit Ins. Corp. v. Gallosa*, 217 F.Supp.3d 534, 536 (D.P.R. 2016).

In *Simon v F.D.I.C.*, the First Circuit remarked "[a]lthough plaintiffs-appellants did not receive FDIC's notice, they were aware prior to the bar date that FDIC had been appointed receiver of the Bank." *Simon*, 48 F.3d at 55. It then reasoned:

> Simon was aware of FDIC's appointment as receiver on October 19, 1990, well before the ACRP bar date. Furthermore, Simon concededly knew, before the bar date, that he had a claim against FDIC for the return of the collateral. In these circumstances, the failure to comply with the ACRP deprived the district court of jurisdiction over Simon's claim. *Id*. at 57.

Here, Appearing Plaintiffs concededly did not exhaust FIRREA's administrative process. **ECF No. 127** at 20. Pursuant to the preceding discussion, FDIC's alleged failure to mail individual notices to Appearing Plaintiffs pursuant to 12 U.S.C. § 1821(d)(3)(C)(ii) does not excuse Appearing Plaintiffs from failing to timely file their claims. Neither do Appearing Plaintiffs assert to have availed themselves of the exception provided in FIRREA, 12 U.S.C. § 1821(5)(C)(ii), for late-filed proofs of claim. **ECF No. 127**. Appearing Plaintiffs defense is that the FDIC was obligated to effectively mail individual notices in order for the administrative claim process to be triggered in the first place. By failing to do so, Appearing Plaintiffs hold the FDIC accountable under the due process of law and oppose dismissal of their claims related to the failed bank's actions or omissions. **ECF No. 127** at 7-10.

*ii.    Appearing Plaintiffs' Awareness of FDIC's Receivership*

Contrary to Appearing Plaintiffs' conclusory objections, the FDIC afforded reasonable notice and opportunity for the Appearing Plaintiffs to file claims through the administrative process. They chose not to do so. **ECF No. 127** at 20. As further discussed, the FDIC published the information related to its receivership in eight newspapers, including the Puerto Rico newspapers *El Nuevo Día* and *El Vocero*. **ECF Nos. 94-1 at 24–38**. The advertisements appeared in March, April, and May 2015 and notified the June 4, 2015 claims bar date and the procedure for claimants and creditors to submit their claims to the FDIC. **ECF Nos. 70** at 7, **94-1** at 24–38.[3] **ECF No. 94-1** at 24-43. Upon learning of Appearing Plaintiffs' state court claims, on or around November 2017, **ECF No. 70,** the FDIC displayed all necessary efforts and obtained addresses for all claimants. Pursuant to the information provided by Banco Popular, on February 2018, FDIC issued approximately 134 individual notices by certified mail to Appearing Plaintiffs according to the loan records of Banco Popular. **ECF No. 94-3, 94-4, 94-5.** In addition, the FDIC forwarded the notice letters to Appearing Plaintiffs' counsel of record. **ECF Nos. 72-1, 72-2, 72-3, 72-4, 94-4** at 45-47, **94-4** at 49-51. Finally, the FDIC made Appearing Plaintiffs aware of its appointment as receiver through the filings in this case and granted Appearing Plaintiffs a late-claimant submission window until May 2018. **ECF Nos. 114-1.** Given the fact that the FDIC did provide

---

[3] Appearing Plaintiffs purport that the FDIC has failed to provide evidence of the notice publication in local newspapers because the documents submitted thus far are barred by the Federal Rules of Evidence, including the "best evidence rule." **ECF No. 127** at 18. This argument, however, is frivolous on its face. FDIC submitted evidence of the publication at Appearing Plaintiffs' repeated requests. Additionally, the FDIC submitted actual copies of the notice by publication along with affidavits from representatives of the newspapers. **ECF No. 94-1** at 24-43.

notice, Appearing Plaintiffs cannot assert that the FDIC "violated" FIRREA or the due process of law by seeking dismissal of the claims in this case.

Appearing Plaintiffs argue that the notice letters were defective because they were all returned as undelivered. Due to the fact that the notice letters did not find their way to Appearing Plaintiffs, they claim they were not aware of FDIC's receivership or the late creditor submission deadline. Moreover, Appearing Plaintiffs suggest that the alternate notices provided to them by the FDIC through publication in newspapers, through counsel, and by court filings cannot substitute the mail notice. **ECF No 127** at 9. According to them, these constructive or alternate methods of notice were ineffective because of communication issues with former counsel.

Albeit Appearing Plaintiffs' claims of unawareness, the record tells a different story. Early in this litigation, a substantial group of Appearing Plaintiffs filed a motion to which a written communication dated April 25, 2018 was attached. The written communication was issued by the law firm engaged and retained by Appearing Plaintiffs. In the letter, Appearing Plaintiffs were informed by counsel about the receivership, the claims process, and provided information to Appearing Plaintiffs regarding the May 2018 deadline for the filing of claims with the FDIC. **ECF No. 54-3** at 1.

Moreover, since March 2017, the Appearing Plaintiffs had referred to Doral Bank as "defunct Doral Bank" or "now-extinct Doral Bank" in their state court. **ECF No. 4-1** at 8, **4-2** at 16. According to a minute order entered by the state court on February 14, 2018, Banco Popular

informed all the parties of the FDIC's receivership. **ECF No. 4-5** at 9. Banco Popular further revealed FDIC's agreement to retain liability related to the Hacienda Las Lomas loans and the potential intervention of the FDIC in the litigation. *Id*. The state court ordered the minute to be notified to all attorneys of record and to every party "**with no legal representation**." *Id*. at 11 (emphasis added).

All these factors and the ones discussed below show that Appearing Plaintiff knew about the FDIC's appointment as receiver for failed bank before the May 2018 bar date. Regardless of Appearing Plaintiffs' alleged communication issues with one of their four attorneys, the record shows that Appearing Plaintiffs filed documents crediting awareness of Doral Bank's failure, the FDIC's receivership, and the mandatory administrative claim process before the May 2018 bar date.

Appearing Plaintiffs' allegation of unawareness is not a reasonable inference that could be drawn in their favor under these particular facts. The documents and communications filed by Appearing Plaintiffs unequivocally reveal their knowledge regarding the FDIC's appointment and administrative claim process.

### iii.    *Due Process*

Appearing Plaintiffs offer a long list of cases which purportedly support their request to amend the complaint in order to include due process causes of action against the FDIC for failure to provide individual mail notice under FIRREA. **ECF No. 127** at n.4.

The Due Process Clause of the Fifth Amendment prohibits the United States from depriving any person of property without due process of law. The Supreme Court has determined that the due process for individuals whose property interests are at stake entitles them to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Following *Mullane*, in *Dusenbery v. U.S.*, 534 U.S. 161, 168 (2002), the Supreme Court framed the due process test as whether notice can be "'reasonably calculated under all the circumstances' to apprise petitioner?"

Appearing Plaintiffs rely on *Mullane* in support of the need to amend the complaint in order to include causes of action under due process. Here, however, Appearing Plaintiffs' argument under *Mullane* is unsuited. *Mullane* analyzed notice to beneficiaries on judicial settlement of accounts by the trustee of a common trust fund established pursuant the New York Banking Law. Moreover, in *Mullane* the "trustee ha[d] on its books the names and addresses of the income beneficiaries represented by appellant, and we find no tenable ground for dispensing with a serious effort to inform them personally of the accounting, at least by ordinary mail to the record addresses." *Mullane*, 339 U.S. at 318. In this case, however, neither failed bank or the FDIC had information regarding Appearing Plaintiffs' claims. Moreover, the holding in *Mullane* was tailored to the requirements of the New York Banking Law, not FIIREA.

For similar reasons the rest of the cases cited without discussion in Appearing Plaintiffs' objections are not controlling here. Namely, *U.S. v. James Daniel Good Real Prop.*, 510 U.S. 43, 62

(1993) ("*ex parte* seizure of Good's real property violated due process."); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) (mortgage holder was not informed of the pending tax sale of the property encumbered by the mortgage); *Schroeder v. City of New York*, 371 U.S. 208, 208 (1962) ("adequate notice of condemnation proceedings affecting certain property she owned"); *Greater Slidell Auto Auction, Inc. v. Am. Bank & Tr. Co. of Baton Rouge, La.*, 32 F.3d 939, 942 (5th Cir. 1994) ("notice to claimants known to the receiver"); *Whatley v. ADR Tr. Corp.*, 32 F.3d 905, 907 (5th Cir. 1994) ("obviously fully cognizant of the pending lawsuit, made no attempt whatsoever to communicate with plaintiffs or their counsel"); *Damiano v. F.D.I.C.*, 104 F.3d 328, 331 (11th Cir. 1997) (employee of failed bank filed suit against failed bank before the receivership, the receiver "did not mail the notice to Damiano or her lawyer as required by § 1821(d)(3)(C)."); *F.D.I.C. v. diStefano*, 839 F. Supp. 110, 118 (D.R.I. 1993) ("the receiver overlooks or ignores the notice requirement"); *Iberiabank v. Coconut 41, LLC*, No.11- 321 (FTM), 2011 WL 4807701, at *4 (M.D. Fla. Oct. 11, 2011) ("[t]he Foreclosure Complaint of Iberiabank was filed one day prior to January 29, 2010, the effective date of the FDIC's appointment as receiver, but Florida Community Bank was not a named party in the Foreclosure Complaint… there is no suggestion that Westwind was otherwise a creditor on the books of Florida Community Bank at the time the FDIC began its receivership. Accordingly, there was no obligation at that time for the FDIC–R to mail notice of the claim cutoff date to Westwind."); *Bank of New Eng. Essex v. MV Bobcat*, 8 F.3d 809 (1st Cir. 1993) ("[a]fter the appeal had been filed, the Federal Deposit Insurance Corporation [FDIC] was appointed receiver for the Bank"); *Acevedo v. First Union Nat. Bank*, 357 F.3d 1244, 1245 (11th Cir.

2004) (under different FIRREA section, "12 U.S.C. § 1822(e)"); *F.D.I.C. v. Kane*, 148 F.3d 36, n2 (1st Cir. 1998) ("Kane does not allege that he lacked notice of either the RTC's appointment as receiver or of the upcoming December 11, 1990 bar date.").

Contrary to all the cases referenced by Appearing Plaintiffs, here, the FDIC did not know about Appearing Plaintiffs' claims before its appointment as receiver or at the time it sold the loans to Banco Popular. Despite Banco Popular's warnings regarding the FDIC's potential intervention, Appearing Plaintiffs, deliberately or not, did not include failed bank or the FDIC as defendants to any of their numerous causes of actions. After the FDIC learned of Appearing Plaintiffs' claims, it filed a motion to substitute Banco Popular in state court. **ECF No. 4-6** at 4. Copy of that motion was notified to Appearing Plaintiffs' counsel. *Id*.

Unlike what Appearing Plaintiffs portray, the relevant sections of FIRREA do not burden the FDIC with the obligation of providing mail notice to every single individual whom, as in this case, simply took out a loan from failed bank. FIRREA provides for mail notice to "creditors" of the failed bank or claimants but only "after discovery of the name and address". 12 U.S.C. § 1821(d)(3)(C). Moreover, the Court is convinced that the notices provided in this case "reasonably calculated under all the circumstances" apprised Appearing Plaintiffs and, as such, provided due process.

Appearing Plaintiffs assert that they did not participate in the mandatory administrative claim process, yet they accuse the FDIC of failing to act according with FIRREA's requirements.

（空）

**ECF No. 127** at 20.[4] For the reasons discussed above and in the following subsections, the Court holds that FDIC did not deprive Appearing Plaintiffs of any right under FIRREA or the due process of law. Accordingly, the Court adopts the R&R's recommendation to deny Appearing Plaintiffs' request for leave to amend the complaint to include a cause of action against the FDIC for alleged "violation" of the due process of law during the events leading to this order. The first objection to the R&R is hereby overruled.

### B.  Second objection

Appearing Plaintiffs' second objection to the R&R purports that the Magistrate Judge did not make a ruling regarding the Combined Sur-reply, before issuing the R&R. **ECF No. 127** at 12. Specifically, Appearing Plaintiffs allege that the Combined Sur-reply constituted a motion to strike FDIC's reply at **ECF Nos. 94, 94-1**, **94-2**, **94-3**, **94-4**, **94-5**. *Id.* The Combined Sur-reply also incorporated Appearing Plaintiffs' request to compel discovery, originally asserted in **ECF No. 84**. *Id*. Appearing Plaintiffs object the R&R and move this Court for a "*de novo* review" of the Combined Sur-reply. **ECF No. 127** at 13.

Appearing Plaintiffs argue that the Magistrate Judge improperly relied on **ECF No. 94** without first ruling their motion to strike at **ECF No. 101-1**. Appearing Plaintiffs sought to strike

---

[4] Relying on **ECF No. 70-1**, the R&R accounted that notwithstanding sending 134 notice letters, the FDIC only received eleven proofs of claims from Appearing Plaintiffs.  However, Appearing Plaintiffs' new counsel now avers that "[w]hile former counsel at one point informed present counsel that this was so[,] but [sic] without providing the supporting evidence of the same, it was later found out after the [m]otion to [d]ismiss was filed that no Appearing Plaintiff had submitted a proof of claim form at the FDIC." *Id*. The Court will not entertain this issue as it is irrelevant to the disposition of this matter due to FDIC's multiple efforts and methods of notice to Appearing Plaintiffs in this particular case.

FDIC's filings at **ECF No. 94**.[5] Contrary to Appearing Plaintiffs' objection, the Magistrate Judge recognized that "before the court can properly address the motion to dismiss, the Appearing Plaintiffs' motion to compel the FDIC-R to produce documents related to this dispute must be addressed." **ECF No. 113** at 1, 2. Immediately after, the Magistrate Judge noted that the parties had submitted related briefs at **ECF Nos. 84, 91, 101-1, 108-1.** More importantly, the Magistrate Judge partially denied, as moot, the Combined Sur-reply's requests to compel information (originally requested in **ECF No. 84**) in view of FDIC's filings at "Docket Number 94-3 and Number 94-4." **ECF No. 113** at 2. On the other hand, the Magistrate Judge also granted, in part, the Combined Sur-reply's request and ordered FDIC to produce certain documents by April 29, 2019. **ECF No. 113** at 3. Finally, the Magistrate Judge granted Appearing Plaintiffs' until "May 6, 2019 to file a supplemental brief to the Motion to Dismiss with any additional arguments or evidence." *Id*.

The Magistrate Judge explicitly noted **ECF No. 94** in its order. Moreover, the Magistrate Judge issued a couple of additional orders based on **ECF No. 94**. To wit, (i) the Magistrate Judge ordered the FDIC to supplement the production of documents included in **ECF No. 94** on or before April 2019, and (ii) denied Appearing Plaintiffs' motion to compel in connection with the mail receipts for notices to Appearing Plaintiffs and counsel. **ECF No. 113** at 3. Thus, the

---

[5] The Court notes that **ECF No. 94** and the attached supporting documents were filed in response to Appearing Plaintiffs' motion to compel and requests for production of documents. **ECF No. 84**.

Magistrate Judge did provide a ruling in connection with Appearing Plaintiffs' Combined Sur-reply before issuing the R&R and accepted FDIC's filings at **ECF No. 94**.

Appearing Plaintiffs Combined Sur-reply's request to strike and to compel, at **ECF No. 101-1**, are non-dispositive matters. Pursuant to Fed. R. Civ. P. 72(a), Appearing Plaintiffs had fourteen (14) days to file for reconsideration or submit any relevant objection to the Magistrate Judge's order, at **ECF No. 113**, with respect to the Combined Sur-reply and FDIC's filing at **ECF No. 94**. Appearing Plaintiffs failed to do so. Accordingly, pursuant to Fed. R. Civ. P. 72(a) they "may not assign as error a defect in the order not timely objected to." The Court denies Appearing Plaintiffs' second objection as untimely. But even if the Court entertained Appearing Plaintiffs' second objection, it would draw the same conclusion. The second objection should be overruled because the record shows that the Magistrate Judge did in fact made a ruling upon the Combined Sur-reply before issuing the R&R. In so doing, the Magistrate Judge denied Appearing Plaintiffs' motion to strike and partially granted Appearing Plaintiffs' motion to compel. Thus, Appearing Plaintiffs' second "objection" or "appeal" claiming that the Magistrate Judge "fail[ed] to rule" upon their motions before issuing the R&R is completely baseless and contrary to the record. **ECF No. 127** at 10-14.

### C. Third Objection

Appearing Plaintiffs' third objection to the R&R boils down to the "use of the FDIC's" motion at **ECF No. 108**, "when the Court never referred that filing to the Magistrate Judge." **ECF No. 127** at 14.

As discussed before, the Court referred to the Magistrate Judge "the motion for partial dismissal and interrelated motion to compel, and all relevant filings thereto" for a report and recommendation. **ECF No. 104**. The Court explicitly referred all "relevant" filings then in the docket, "**ECF Nos. 70, 71, 72, 80, 84, 85, 87, 91, 94, 101**." **ECF No. 104**. Eight days after the referral order, the FDIC filed a response to Appearing Plaintiffs' Combined Sur-reply. **ECF No. 108-1.** FDIC's filing at **ECF No. 108-1** was filed in support of FDIC's request for partial dismissal and in response to Appearing Plaintiffs' Combined Sur-reply. Evidently, **ECF No. 108-1** is "relevant" to FDIC's partial motion to dismiss and, as such, an issue that was referred to the Magistrate Judge. Appearing Plaintiffs' third objection has no merit.

As an alternate ground to deny or overrule the third objection, the Court notes that on April 17, 2019, the Magistrate Judge entered an order granting leave in connection with FDIC's **ECF No. 108-1**. *See* **ECF No. 111**. Considering that this issue is also non-dispositive, Appearing Plaintiffs had fourteen (14) days from the date of issuance of that order to object or request reconsideration. Fed. R. Civ. P. 72(a). They did not. Consequently, Appearing Plaintiffs' third objection is also untimely and, thus, denied.

### D. Fourth objection

In their fourth objection, Appearing Plaintiffs argue that constructive notice through publication is not an adequate substitute for individual mail notice. **ECF No. 127** at 16. They further contend that the R&R did not address their arguments, but rather improperly rests on *Alkasabi v. Washington Mut. Bank, F.A.*, 31 F.Supp.3d 101, 108 (D.D.C. 2014). *Id.* at 18. Particularly,

they argue that *Alkasabi* is "inconsistent" with *Feldman v. Fed. Deposit Ins. Corp.*, 879 F.3d 347, 352 (D.C. Cir. 2018), which is "controlling precedent." *Id.*

First of all, considering that in this case the FDIC provided constructive notices to Appearing Plaintiffs via counsel and court filings, it is unnecessary for the Court to determine if the notice by publication, *per se*, was sufficient notice under FIRREA in order to adopt the R&R's recommendation. Regardless, the Court will address Appearing Plaintiffs' notice by publication arguments.

Appearing Plaintiffs are wrong to accuse the Magistrate Judge of overlooking arguments and authority cited by Appearing Plaintiffs in connection with the notice by publication issue. The R&R openly rejects Appearing Plaintiffs' arguments to that extent. **ECF No. 129** at 9. Appearing Plaintiffs are also wrong to argue that *Feldman* overruled *Alkabasi* and that the former is controlling precedent. **ECF No. 127** at 18.

In *Feldman*, a Bankruptcy Chapter 7 trustee sent correspondence to the failing institution's employees informing of its authority to pursue avoidance in bankruptcy of certain transactions in which the failed bank took part. *Feldman*, 879 F.3d at 349. The *Feldman* court held that the trustee's "letter triggered the FDIC's statutory obligation to mail her notice of the bar date, or that she was eligible to file under the late filed exception." *Feldman*, 879 F.3d at 352. However, it also noted that "it is possible that Feldman knew of the receivership and simply missed the bar date. All we need hold now is that it was premature to reach that conclusion on the basis of the

record at the time the district court granted the motion to dismiss." *Id*. at 352. Those set of facts are completely different from the facts underlying *Alkasabi* and the case at bar.

Unlike *Feldman*, Appearing Plaintiffs did not send any correspondence, claim or demand to the FDIC or failed bank. Here, the record shows that Appearing Plaintiffs did not even include failed bank or the FDIC as defendants in their multiple state court claims. **ECF Nos. 4-1, 4-2, 45-6** at 1**, 45-2** at 24**, 45-12** at 79. Moreover, the FDIC learned of Appearing Plaintiffs' state court claims only after Banco Popular sought indemnification pursuant to the purchase and assumption agreement between them. **ECF No. 129** at n.8. Consequently, the single most important factor in *Feldman* (asserting a claim against the failed bank through the president of failed bank's home loan subsidiary) is not present in this case.

In addition, Appearing Plaintiffs also contend that the Magistrate Judge improperly held that the FDIC published notice through publication in newspapers. **ECF No. 127** at 19. In support, they argue that the Magistrate Judge relied on **ECF No. 94** without first ruling on their motion to strike at **ECF No. 101-1**. As discussed above, Appearing Plaintiffs forfeited any right to file an objection with respect to their motion to strike FDIC's filing at **ECF No. 94**. Thus, the Magistrate Judge properly relied on FDIC's filing at **ECF No. 94**.

The same result would be reached even if the Court were to entertain Appearing Plaintiffs' untimely argument. Appearing Plaintiffs' argument contesting the fact that the FDIC provided notice by publication of its receivership is destroyed by filings in this case. The FDIC did submitted copy of the publications. **ECF No. 94-1** at 24-43. Moreover, on several occasions

this District Court has held that the FDIC did in fact published notice of its appointment as receiver for Doral Bank in several newspapers. *See Fed. Deposit Ins. Corp. v. Gallosa*, 217 F.Supp.3d at 537 ("[o]n March 6, 2015, FDIC published notice in two newspapers, El Vocero de Puerto Rico and El Nuevo Día, informing Doral creditors of FDIC's receivership, the administrative claims process, and the June 4, 2015 claims bar date. The notice was republished in these two newspapers on April 6, 2015 and May 5, 2015." (internal citations ommitted)); *Fed. Deposit Ins. Corp. v. Pérez*, 225 F.Supp.3d 104, 105 (D.P.R. 2016); *Fed. Deposit Ins. Corp. v. Cabán-Muniz*, 216 F.Supp.3d 255, 258 (D.P.R. 2016).

Accordingly, Appearing Plaintiffs' fourth objection is overruled. The FDIC complied with the notice by publication requirements. The notice by publication along with the other notices provided by the FDIC to Appearing Plaintiffs in this case force the conclusion that Appearing Plaintiffs had the obligation to file claims with the FDIC.

### E.  Fifth objection

In their fifth objection, Appearing Plaintiffs contend that "constructive notice through notice to counsel is not an adequate substitute for the mandatory written notice to claimants by mail" and that *Maldonado-Vaillant* "goes against the actual language of the FIRREA." **ECF No. 127** at 21-22. In support of this argument, Appearing Plaintiffs rely on F.*D.I.C. v. Glynn*, 1993 WL 489761, at *2 (N.D. Ill. June 18, 1992), *adopted*, 1993 WL 413958 (N.D. Ill. Oct. 15, 1993).

Once again, Appearing Plaintiffs rely on a case distinguishable from the case at bar. The *Glynn* court heavily relied on a fact that singlehandedly defeats Appearing Plaintiffs' argument.

To wit, defendant in *Glynn* filed various counterclaims against the failed bank **before** the FDIC was appointed receiver. Due to that fact, the *Glynn* court held it could not "accept the FDIC's argument that *Glynn* is not a potential creditor or claimant entitled to notice under FIRREA" for purposes of 12 U.S.C. § 1821(d)(3)(C). *Id.* at *9. The logic behind *Glynn's ratio decidendi* is simple but inapplicable here: the FDIC should have known about *Glynn's* claims because he filed counterclaims against the failed bank before FDIC's receivership began. Here, contrary to *Glynn*, the record does not reflect a claim asserted against failed bank or the FDIC before or after FDIC's receivership.

Additional details render Appearing Plaintiffs' argument under *Glynn* even less persuasive. In *Glynn*, "the purported personal notice allegedly mailed to the law firm of Fagel & Haber listed Fagel & Haber as the claimant, **not Glynn**. Glynn further points out **that this notice was never received** by Fagel & Haber." *Id.* at *8 (emphasis added). Evidently, the *Glynn* court's ruling was issued under facts not mirrored by the case before the Court. As the record shows, the bundle of notice letters found their way to Appearing Plaintiffs' four attorneys. The April 2018 communications between Appearing Plaintiffs and counsel also prove that counsel made Appearing Plaintiffs aware of the notices and the receivership.

In addition, it is worth pointing out that the FDIC became aware of Appearing Plaintiffs' claims years after it sold the Hacienda Las Lomas loans to Banco Popular. **ECF No. 124** at 2. The timeline of events in this case speaks for itself and against Appearing Plaintiffs. Failed bank was closed on February 27, 2015. On that same day, the FDIC and Banco Popular executed a purchase

and assumption agreement selling loans related to Hacienda Las Lomas but withholding the liability related therewith. Appearing Plaintiffs never included failed bank or the FDIC as defendants to their multiple actions. Consequently, the FDIC did not know about Appearing Plaintiffs' claims at the time it was appointed receiver, or at the time it sold the relevant assets to Banco Popular. *Id*. Accordingly, Appearing Plaintiffs' reliance on *Glynn* is misplaced.

Appearing Plaintiffs also contend that the notice through counsel should not be deemed as an effective constructive notice because of alleged communications issues with attorney Oller-Córdova. Attorney Oller-Córdova terminated his legal representation of Appearing Plaintiffs in April 2018. However, the Court notes that Appearing Plaintiffs were simultaneously represented by another three attorneys in addition to Oller-Córdova. **ECF Nos. 4-1, 4-2**. The FDIC forwarded copy of the 134 letters to the four of them via certified mail. **ECF Nos. 72-1, 72-2, 72-3, 72-4, 94-4** at 45-47, **94-4** at 49-51. Clearly, Oller-Córdova was not Appearing Plaintiffs' only counsel in receipt of the notice letters.

Appearing Plaintiffs Cruz and Hernández submitted statements under penalty of perjury claiming not knowing of FDIC's appointment as receiver and the administrative claim process before the bar date. **ECF Nos. 87-1, 87-2**. Notwithstanding, Cruz and Hernández are part of a group of Appearing Plaintiffs that filed with this Court copy of counsel's April 25, 2018 letter, which informed them of the FDIC's administrative claim process. **ECF No. 54-3**. The letter, submitted by Cruz, Hernández and others, further reads "[s]uch claim needs to be presented on or before May 18, 2018. Attached copy of that notification." *Id*. Finally, it is worth noting that

Cruz and Hernández are not known borrowers of failed bank in connection with Hacienda Las Lomas. **ECF No. 94** at 22-24, **129** at 33. These two Appearing Plaintiffs, however, were not failed bank's borrowers in connection with the Hacienda Las Lomas loans. As such, it would have been impossible for the FDIC to know their address or to consider them potential "creditors" entitled to mail notice under FIRREA. For those reasons, Appearing Plaintiffs' unawareness claim is not a reasonable inference that can be drawn in their favor. Even more so, the record reflects that Cruz and Hernández formed part of the Appearing Plaintiffs that were informed by counsel of the FDIC's receivership, administrative claim process, and deadlines.

Finally, this District Court has held that notice of FDIC's appointment as receiver through a claimant's counsel of record is adequate. *Maldonado-Valliant v. FDIC,* 10-1700 (JAG), 2011 WL 1545429, at *4 (D.P.R. 2011) ("when a receiver knows that a claimant is represented by counsel with regard to a claim, and especially when litigation is pending, it is entirely proper for the receiver to notify the claimant of the receivership via his or her attorney.") "As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the notice requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied." *F.D.I.C. v. Beneficial Mortg. Corp.,* 858 F.Supp.2d at 202. More specifically, this Court has reasoned that FIRREA's statutory notice requirement is met when the FDIC makes claimants aware of its receivership by communication either directly with claimant or through a representative. *F.D.I.C. v. Estrada-Colón,* 848 F.Supp.2d at 211; *F.D.I.C. v. Nieves-Rodríguez,* 15–2257 (GAG) 2016 WL 6648730 (D.P.R. 2016).

Appearing Plaintiffs have not provided a sound argument to depart from this District Court's rulings. They limit their arguments to the proposition that the R&R "only" cites *Maldonado-Vaillant* to uphold the adequacy of constructive notice through counsel even though other courts have held that constructive notice through counsel is not an adequate substitute for individual mail notice. **ECF No. 127** at 21, **85** at 22. In support of that argument, Appearing Plaintiffs draw the Court's attention to *F.D.I.C. v. Updike Bros., Inc.*, 814 F.Supp. 1035, 140 (D. Wyo. 1993) and *F.D.I.C. v. Lacentra Trucking, Inc.*, 157 F.3d 1292 (11th Cir. 1998).

However, *Updike Bros* has no discussion regarding constructive notice through counsel and, contrary to Appearing Plaintiffs' position, the *Updike Bros* court held "the receiver does not waive FIRREA's administrative exhaustion requirement by failing to provide notice in accordance with § 1821(d)(3)(B)–(C)." 814 F.Supp. at 1041. Evidently, *Updike Bros* does not stand to reason that constructive notice through counsel is futile. Likewise, *F.D.I.C. v. Lacentra Trucking, Inc.*, 157 F.3d 1292 (11th Cir. 1998) was issued under facts not only different but also contrary to the ones underlying this case. In *Lacentra Trucking*, the Eleventh Circuit noted that "[i]n the case before us RTC stayed the action. But it did not inform the plaintiff that it was staying the case pending exhaustion of administrative remedies." *Id*. at 1304. In this case, the FDIC unequivocally informed Appearing Plaintiffs that the stay had the purpose of allowing Appearing Plaintiffs time to exhaust the administrative claims process. **ECF No. 10** at 2, 7. Appearing Plaintiffs do not contest that fact. Furthermore, the *Lacentra Trucking* court explicitly did "not apply"

authority holding that "if the receiver fails to give proper notice, FIRREA claims process is not

initiated." *Lacentra Trucking*, 157 F.3d at n2.

The fifth objection also fails.

**F.   Sixth objection**

Appearing Plaintiffs' final objection to the R&R is nothing more than a legal conclusion

purporting that constructive notice via court filings is not satisfactory under FIRREA 12 U.S.C.

§ 1821(d)(3)(C). Appearing Plaintiffs argue that the R&R's reliance on *Estrada-Colón* is out-of-

place and should be disregarded in light of *Feldman*. **ECF No. 127** at 24.  The Court disagrees.

In *Estrada-Colón*, this Court ruled that "[e]ven if the FDIC had not mailed the letters of

notice, defendants would still have been obliged to submit their claims to the FDIC because the

FDIC's notice of removal [] made defendants aware of the FDIC's appointment as receiver."

*F.D.I.C. v. Estrada-Colón*, 848 F.Supp.2d at 211. However, *Estrada-Colón* is not the only case that

deemed notice through court filings as a constructive valid notice under FIRREA. In *F.D.I.C. v.

Empresas Cerromonte Corp.*, 10–1623 (PG), 2013 WL 2252943, at *4 (D.P.R. May 22, 2013) the court

also held FDIC's removal, as one providing notice "sufficient under FIRREA."

Appearing Plaintiffs further contend that *Estrada-Colón* should not be followed and that

the Court should apply *Feldman* instead. However, as discussed above, *Feldman* is inapplicable

to the facts of this case. Appearing Plaintiffs do not argue or cite any other case in support of

their request to stir away from *Estrada-Colón*. Considering the notices and order entered by the

state court informing of FDIC's receivership (**ECF No. 4-5** at 9), the fact that the state court order

was notified to all parties, including those without legal representatives (*Id* at 9-11), the notice of removal (**ECF No. 1**), the receipt of copy of the notice letters by all four attorneys of Appearing Plaintiffs (**ECF Nos. 72-1, 72-2, 72-3, 72-4, 94-4** at 45-47, **94-4** at 49-51), and the communications submitted by Appearing Plaintiffs with counsel (**ECF No. 54-3**), notice through counsel was effective in this case.

The sixth objection lacks factual and legal support.

## III.    Conclusion

The record shows that the FDIC granted Appearing Plaintiffs reasonable opportunity and due process before moving for partial dismissal. Undoubtedly, the FDIC published notice of its appointment and information regarding the claims process in several newspapers. It also mailed individual notices to Appearing Plaintiffs and set a late-creditor claim submission deadline. The notice letters were forwarded to Appearing Plaintiffs' counsel of record. Counsel effectively informed Appearing Plaintiffs of the receivership and explained that action was required in connection with any claims pertaining to Doral Bank. Finally, Appearing Plaintiffs knew about the FDIC's removal and pending proceedings. All these factors stand against Appearing Plaintiffs' claim of unawareness regarding FDIC's appointment and as to the mandatory administrative claim process. Appearing Plaintiffs' inertia as to FIRREA's claim process is inexcusable in light of the facts of this case. Appearing Plaintiffs failed to comply with the mandatory administrative claims process provided in FIRREA.

Provided Appearing Plaintiffs did not avail themselves of exhausting the statutory exception, and notice being proper under the law, the Court and state courts lack subject matter jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the Corporation as receiver." 12. U.S.C. § 1821(d)(13)(D). Accordingly, regardless of the named defendant, the jurisdictional bar is based on the "actor responsible for the alleged wrongdoing." *Acosta-Ramírez v. Banco Pop. de Puerto Rico*, 712 F.3d 14, 21 (1st Cir. 2013)(quoting *Farnik v. FDIC*, 707 F.3d 717, 723 (7th Cir. 2013)). Moreover, if the claims against the purchasing bank are not of its "independent misconduct" "but exist[] only because the failed institution['s]" acts or omissions, they are subject to the jurisdictional bar. *Id.* (quoting *Tellado v. IndyMac Mortgage Services*, 707 F.3d 275, 280-81 (3rd Cir. 2013))(internal quotation marks omitted).[6]

---

[6] Co-defendant Bautista REO PR Corp. filed a motion seeking clarification of the Court's order at **ECF No. 142** and requesting that the Court dismiss claims against it as "successor in interest of Doral Bank." *See* **ECF No. 143**. Bautista REO PR Corp. later filed a motion to dismiss. **ECF Nos. 143, 148, 149**. Appearing Plaintiffs opposed asserting that "the claims asserted by the Appearing Plaintiffs against Bautista are based on their own negligence after they acquired the project, and are not based on the conduct of Doral." **ECF No. 145.** For the reasons set forth herein, Bautista REO PR Corp.'s motions are remanded. Pursuant to FIRREA's mandate, if the state court finds that the claims against Bautista REO PR Corp. pertain to "(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of [failed bank]; or (ii) any claim relating to any act or omission of [failed bank]" the claims must be dismissed for lack of subject matter jurisdiction. In reaching this determination, courts should examine if "plaintiffs' claims are indeed really claims against the receivership" or failed bank. *Acosta-Ramírez v. Banco Pop. de Puerto Rico*, 712 F.3d at 21. "Looking to the substance rather than the form," the *Acosta-Ramírez* court considered, among other factors, whether the claims turned on the FDIC's or failed bank's decisions. *Id.*

For all the above, the Court hereby **ADOPTS** the R&R's recommendations and hereby **GRANTS** FDIC's motion to dismissal, at **ECF No. 70**. Appearing Plaintiffs' objections at **ECF No. 127** are **OVERRULED**. Appearing Plaintiffs' filing at **ECF No. 131** is **DENIED**. All related pleadings and, motions and filings are **NOTED**. For the following reasons, this case is **REMANDED** to the Commonwealth of Puerto Rico Court of First Instance.

The Court recognizes the current circuit split in connection with the fate of the state law remaining claims. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Lindey v. F.D.I.C.*, 733 F.3d 1043, 1057 (11ᵗʰ Cir. 2013); *Casey v. F.D.I.C.*, 583 F.3d 586, 591 (8th Cir. 2009); *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 243 (5th Cir. 2009); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1501 (3rd Cir. 1996). However, this District Court has opted for a flexible approach as to whether to exercise supplemental jurisdiction when, as here, the FIRREA claims have been dismissed. *See Peña v. Commonwealth of Puerto Rico*, Civil No. 111-2127 (MEL), 2012 WL 2525601 *2 (D.P.R. 2012); *Roosevelt Cayman Asset Co. v. Rivera Molina*, Civil No. 15-1713 (PAD), 2016 WL 3920172, at *2 (D.P.R. 2016); *Rivera-Alvarado v. Fed. Deposit Ins. Corp.*, Civil No. 16-1612 (PAD), 2017 WL 3738467, at *3 (D.P.R. 2017).

Here, the removed and consolidated actions were at an advance litigation stage before the removal. To wit, a month before the removal, the state court held a hearing in which, among many other things, the court: ordered plaintiff to file a motion for the voluntary dismissal of

several parties, reduced the term for parties to serve process upon new parties, ordered defendants to file dispositive motions, scheduled a meeting between counsel, and scheduled a status conference. Moreover, at the conference the parties expressed concern with the removal of the case fearing that "everything will be lost." **ECF No. 4-5** at 9. The Court thus stayed the proceedings as to all parties "except those with claims involving the FDIC." **ECF No. 83**. In this particular case the judicial economy and the interests of the multiple parties will be best served by remanding the state law actions back to the state court. Therefore, the remaining claims and motions are **REMANDED**.

Clerk of Court shall enter judgment so reflecting.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of March, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**