THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HECTOR A. ROBLES-RODRIGUEZ, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MUNICIPALITY OF CEIBA, et al.,**<br><br>Defendants. | **Civil No. 18-1168 (ADC)** |

## OPINION AND ORDER

Pending before the Court is co-defendant Bautista REO PR Corp.'s ("Bautista") motion to alter judgment. **ECF No. 157**. Bautista moves the Court to alter its Opinion and Order and Judgment (**ECF Nos. 154, 155**) dismissing plaintiffs' claims against the Federal Deposit Insurance Corporation ("FDIC-R")[1] and remanding the rest of the case to state court.[2] Plaintiffs filed a response to Bautista's motion to alter judgment at **ECF Nos. 164, 165**, and Bautista replied, **ECF No. 169**.

For the following reasons the motion to alter judgment at **ECF No. 157** is **DENIED**.

---

[1] Acting as receiver of the failed bank.
[2] Plaintiffs filed a notice of appeal. **ECF No. 158**. However, pursuant to plaintiffs-appellants' motion, the appeal was voluntarily dismissed on February 10, 2021.

I.    **Procedural Background**

Beginning in 2015, plaintiffs filed various claims against a large number of defendants including Doral Bank (herein "failed institution" or "Doral") in the Commonwealth of Puerto Rico Court of First Instance related to Hacienda Las Lomas' development issues, which include claims related to failed bank's acts or omissions. **ECF Nos. 4-1, 4-2, 45-6** at 1**, 45-2** at 24**, 45-12** at 79. Hacienda Las Lomas is a residential development project in Puerto Rico that suffered landslides among several other problems.

On February 27, 2015, the FDIC-R was appointed as receiver of Doral by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico. **ECF No. 1** at 2-3. The FDIC-R executed a purchase and assumption agreement with Banco Popular of Puerto Rico ("Banco Popular") transferring some of Doral's assets, including loans related to Hacienda Las Lomas. *Id*. However, FDIC-R retained certain liabilities relating to the conduct, acts, or omissions of Doral.

In March 2018, the FDIC moved to substitute Banco Popular in state court and filed a notice of removal pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *et* seq. ("FIRREA"). **ECF No. 1**. The FDIC requested a stay of the proceedings before this Court until the exhaustion and conclusion of the administrative claim process provided by FIRREA. **ECF No. 10** at 4-5. Several co-defendants opposed and moved to remand the case to state court. *See* **ECF Nos. 16, 19, 20, 50, 65**. The Court

stayed the case in order for the parties to conclude the administrative proceedings and denied the motion to remand. **ECF No. 68.** On that occasion, the Court explained that:

> given the complexity of the case due its sheer volume of litigants, the length of time it has already been in litigation in the state court, and the number of litigants who have not entered an appearance in the roughly seven months since FDIC-R removed the case, the Court imposes the stay on the entire proceeding. The Court is also concerned that many of the plaintiffs may already be engaged in the administrative claim process with FDIC-R, during which time their claims may be resolved. Thus, continuing the proceedings as to all of the other claims not involving FDIC-R may impose an unnecessary and unduly burdensome doubling of efforts on plaintiffs. See *id.* at 1154.

**ECF No. 68** at 3.

On October 31, 2018, after concluding the administrative claim process, the FDIC moved for a lift of the stay and to dismiss all claims related to failed bank's acts or omissions pursuant to Fed. R. Civ. P. 12(b)(1) and 12 U.S.C. § 1821(d)(5)(C); § 1821(d)(13)(D) for lack of subject matter jurisdiction due to plaintiffs' failure to timely submit proofs of claims or failure to exhaust administrative claim process and plaintiffs opposed. **ECF No. 70**.

On December 2018, noting that the case included "many parties," the Court stayed the proceedings as to all parties "EXCEPT those with claims involving the FDIC. **Any party that asserts a claim outside the FDIC dispute, for which there is independent federal jurisdiction, may file an informative motion identifying the jurisdictional basis**." **ECF No. 83**.[3] (Emphasis added).

---

[3] Bautista never moved to inform that it, too, sought dismissal of plaintiffs' claims under FIRREA.

On March 7, 2019, the Court referred "the motion for partial dismissal and interrelated motion to compel, and all relevant filings thereto, **ECF Nos. 70, 71, 72, 80, 84, 85, 87, 91, 94, 101**, to U.S. Magistrate Bruce J. McGiverin for a Report and Recommendation." **ECF No. 104**. The Magistrate Judge issued the R&R, and issued separate orders addressing several other filings. **ECF Nos. 124, 125, 126.**

The Court entered an Order at **ECF No. 142** stating that "[f]or administrative purposes, the record shall reflect that the [R&R] is adopted. Consequently[…] [FDIC's] Motion to Dismiss filed at ECF No. 70 is GRANTED… The case is remanded to the Commonwealth of Puerto Rico Court of First Instance. An Opinion and Order with findings and legal determinations to follow." *Id*.

Before the Court entered its Opinion and Order with "findings and legal determinations," Bautista filed a motion "requesting clarification of Docket No. 142 and to Dismiss all claims against Bautista." **ECF No 143**. Aside from a notice of appearance filed by Bautista's counsel in 2018, this was Bautista's first filing before this Court. Bautista argued that FIRREA "requires that Plaintiffs' claims should also be dismissed against Bautista, as it is a successor in interest of [Doral]." *Id* at 2. Bautista requested that the Court "clarify the scope of its Order at Docket No. 142 and expressly state that, as with the claims asserted against the FDCI-R, any court lacks subject matter jurisdiction to hear or decide any of Plaintiffs' claims asserted against Bautista, as successor in interest of Doral Bank through the receivership proceeding established by the FDIC-R." *Id*. Plaintiffs responded at **ECF No. 145**. Bautista replied **ECF No. 148**. In a separate

filing, for the first time since the notice of removal was filed by the FDIC-R in 2018, Bautista formally filed a motion to dismiss under FIRREA at **ECF No. 149**. Meanwhile, plaintiffs filed a notice of appeal as to the ruling in favor of the FDIC. **ECF No. 146**.

Via the anticipated Opinion and Order at **ECF No. 154** adopting the Magistrate Judge's R&R, the Court determined that it lacked subject matter jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the Corporation as receiver." 12. U.S.C. § 1821(d)(13)(D). The Court explicitly recognized the current circuit split in connection with the fate of the remaining removed claims that were not filed by the FDIC. *Id* at 32. The Court remanded the remaining non-FDIC claims and filings to state court, including Bautista's motion to dismiss. In doing so, the Court took in consideration the fact that the removed actions were at an advance stage and reasoned that "[i]n this particular case the judicial economy and the interests of the multiple parties will be best served by remanding the state law actions back to the state court." *Id* at 33.

Unsatisfied, Bautista filed a motion to "alter or amend Judgment" arguing that the Court did not have discretion to remand the remaining claims to state court, and alternatively that the Court should have exercised supplemental jurisdiction over the remaining claims. **ECF No. 157**. Plaintiffs, divided into two groups, filed separate responses to Bautista's motion to alter

judgment. The first group of plaintiffs agreed and moved for joinder as to Bautista's argument of original jurisdiction but denied that in this case dismissal in favor Bautista ensues. **ECF No. 164**. The other group of plaintiffs denied Bautista's argument for original jurisdiction, highlighted the fact that Bautista's motion to dismiss was untimely, and argued that Bautista is precluded from seeking and obtaining dismissal via a motion to alter judgment when it never moved to dismiss prior to the issuance of the judgment. **ECF No. 165**. Finally, Bautista replied. **ECF No. 169**.

## II.     Legal Standard

It is well known that Federal Rules of Civil Procedure do not provide for motions of reconsideration. Instead, a motion seeking a modification of the court's previous determination "because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005). Because of its nature and effects, it has been held that altering or amending a judgment is "an extraordinary remedy which should be used sparingly." *United States ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Thus, the court may grant relief under Rule 59(e) only if the moving party "clearly establishes"[4] "manifest error of law[...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." *Sánchez-Rosa v. Municipality of San*

---

[4] *Central Produce El Jibarito v. Luna Commercial Corp.*, 880 F.Supp.2d. 282, 285 (D.P.R. 2012)(citing *Markel Am. Ins. Co. v. Díaz-Santiago*, 674 F.3d 21, 32 (1st Cir. 2012)).

*Juan*, CV 18-1558 (RAM), 2020 WL 6286503, at *4 (D.P.R. Oct. 27, 2020) (quoting *United States v. Peña-Fernández*, 394 F.Supp.3d 205, 207 (D.P.R. 2019) (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)).

A motion grounded on Rule 59(e) is "aimed at reconsideration, not initial consideration." *F.D.I.C. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)(citing *Harley-Davison Motor Co., Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir. 1990)). The moving party should not use them to "raise arguments which could, and should, have been made before judgment issued." *Id*. (citing *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

### III.   Discussion

Pending before the Court is Bautista's motion under Rule 59(e). **ECF No. 157**. In essence, Bautista moves the Court to alter its Judgment, vacate its order remanding the case and grant its motion to dismiss plaintiffs' claims pursuant to FIRREA. **ECF No. 157**. As noted before, Bautista's motion to alter judgment is grounded on two principal arguments. First, Bautista argues that this Court has "original jurisdiction" over plaintiffs' claims and is, thus, "obligated to entertain Bautista's request for dismissal." *Id* at 4-7. Second, Bautista sustains that the Court "must" exercise supplemental jurisdiction. *Id* at 7-16. For the following reasons Bautista's arguments are hereby rejected.

#### A. Original jurisdiction

Bautista's main argument for "original jurisdiction" hinges on non-First Circuit case law. **ECF No. 157** at 6.  To that extent, it makes reference to several Circuits where the courts have

decided that "all claims in a case to which the FDIC is a party have 'arising under' federal subject matter jurisdiction. The subsequent dismissal of the claim against the FDIC [does] not defeat that jurisdiction or withdraw the court's jurisdiction over [] claims filed against the other [defendants]." **ECF No. 157** at 5 quoting *Casey v. FDIC*, 583 F.3d 586, 591 (8th Cir. 2009); *see* also **ECF No. 157** at 4-7 citing *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Adair v. Lease Partners, Inc*, 587 F.3d 238, 244-45 (5th Cir. 2009); *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir. 1994); *Lindley v. FDIC*, 733 F.3d 1043, 1059 (11th Cir. 2013).

Notwithstanding, Bautista failed to identify Supreme Court or First Circuit authority standing for the proposition that under FIRREA the Court "must" retain "original jurisdiction" over claims not directed against the FDIC-R, who is no longer a party to this case. But more importantly, Bautista failed to mention in its motion that at least one other federal Circuit has held quite the opposite. Contrary to Bautista's "original jurisdiction" argument, in *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492 (3rd Cir. 1996) the Third Circuit concluded that Congress intended for federal courts to have the power to decide whether they would exercise supplemental jurisdiction after the FDIC was no longer party to the suit. *Id* at 1501.

Bautista also overlooked the fact that several Courts within this District resolved a similar issue by rejecting this exact same argument of "original jurisdiction" now raised by Bautista. *See Roosevelt Cayman Asset Co. v. Rivera-Molina*, Civil No. 15-1713 (PAD), 2016 WL 3920172, at *2 (D.P.R. 2016); *Rivera-Alvarado v. Fed. Deposit Ins. Corp.*, Civil No. 16-1612 (PAD), 2017 WL

3738467, at *3 (D.P.R. 2017)("[t]he First Circuit has yet to address this jurisdictional question. Nevertheless, plaintiffs have not proffered any reason as to why the court should retain jurisdiction once the FDIC-R is removed as a party"); *Peña v. Commonwealth of Puerto Rico*, Civil No. 11-2127 (MEL), 2012 WL 2525601 *2 (D.P.R. 2012); *see* also *Padró v. Fed. Deposit Ins. Corp.*, CV 10-2041 (JAG), 2012 WL 12995700, at *9 (D.P.R. Sept. 28, 2012) (finding that the Court only had "supplemental jurisdiction" over remaining state law claims but rejecting the argument of original jurisdiction).

Notably, the District of Puerto Rico is not the only District within the First Circuit that has denied exercising "original jurisdiction" over non-FDIC claims when the FDIC is no longer a party to the action. A court in the sister District of Maine has also ruled against a similar "original jurisdiction" argument. *See Mill Investments, Inc. v. Brooks Woolen Co., Inc.*, 797 F. Supp. 49, 52-3 (D. Me. 1992)("this policy is not advanced in any significant way by retaining federal jurisdiction once the failed bank's assets have been assigned to a private company.")

Despite these First Circuit District Courts' rulings, Bautista's motion to alter judgment at **ECF No. 157** made no effort to discuss why this Court should deviate from the path paved by sister courts. Moreover, Bautista makes no reference or identify any First Circuit precedent with a ruling in favor of its "original jurisdiction" argument. Quite the opposite, First Circuit courts have ruled against the "original jurisdiction" argument, as discussed above. Of particular relevance to the case at bar, in *Roosevelt Cayman Asset Co. v. Rivera-Molina*, Civil No. 15-1713 (PAD), 2016 WL 3920172, at *2 (D.P.R. 2016) a sister Court in this District denied the same

argument Bautista now raises before this Court: "the court should have retained original jurisdiction over the case even though the counterclaim against the FDIC has been dismissed." *Id*. In *Roosevelt Cayman Asset Co. v. Rivera-Molina*, the court sided with the Third Circuit's reasoning and upheld its previous determination holding that "it had discretion to remand the case." *Id*.

Given the fact that there is a Circuit split and considering this District has rejected Bautista's "original jurisdiction" argument, Bautista's argument standing for the proposition that the Court committed a "manifest error of law" in remanding the case to state court is unavailing. **ECF No. 157**. Bautista's first argument thus provides no grounds to alter Judgment pursuant to Fed. R. Civ. P. 59(e).[5]

**B. Supplemental jurisdiction**

Next, Bautista argues that "alternatively, this court has supplemental jurisdiction over plaintiffs' claims… and must exercise the same." **ECF No. 157** at 7. Although it chose to use the modal verb "must," Bautista concedes that the Court has "informed discretion" in determining whether or not to exercise supplemental jurisdiction.

---

[5] Bautista asserted that this Court "ignored the position adopted by at least five Circuit Courts" in remanding the case to state Court at **ECF No. 154**. *See* **ECF No. 157** at 7. Contrary to Bautista's assertions, the truth of the matter is that in its Opinion and Order at **ECF No. 154**, the Court explicitly "recognize[d] the current circuit split in connection with the fate of the state law remaining claims. See *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Lindey v. F.D.I.C.*, 733 F.3d 1043, 1057 (11th Cir. 2013); *Casey v. F.D.I.C.*, 583 F.3d 586, 591 (8th Cir. 2009); *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 243 (5th Cir. 2009); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1501 (3rd Cir. 1996)."

Indeed, faced with the dismissal of federal claims against the FDIC-R, which raised federal question jurisdiction, the Court is called upon to exercise "informed discretion" in determining whether or not to retain jurisdiction over the remaining claims. According to the Court of Appeals, "the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdictional but, rather, sets the stage for an exercise of the court's informed discretion." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256–57 (1st Cir. 1996). "[T]he trial court must take into account concerns of comity, judicial economy, convenience, fairness, and the like." Id citing *Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995); *Vera–Lozano v. International Broadcasting,* 50 F.3d 67, 70 (1st Cir.1995). Accordingly, the Court now examines these factors in order to exercise its "informed discretion."

**(i) Judicial economy, convenience, and fairness**

At the time the Opinion and Order at **ECF No. 154** was issued, the Court explained that its determination to remand the remaining claims to state court rested, among others, on the fact that:

> the removed and consolidated actions were at an advance litigation stage before the removal. To wit, a month before the removal, the state court held a hearing in which, among many other things, the court: ordered plaintiff to file a motion for the voluntary dismissal of several parties, reduced the term for parties to serve process upon new parties, ordered defendants to file dispositive motions, scheduled a meeting between counsel, and scheduled a status conference. Moreover, at the conference the parties expressed concern with the removal of the case fearing that "everything will be lost." ECF No. 4-5 at 9. The Court thus stayed the proceedings as to all parties "except those with claims involving the FDIC." ECF No. 83. In this particular case the judicial economy and the interests of the multiple

parties will be best served by remanding the state law actions back to the state court.

In addition to all these factors, the Court also notes that the remanded case is composed of at least three different consolidated cases filed by several dozens of plaintiffs against a large number of defendants. Moreover, it is important to note that plaintiffs' claims range from contractual claims to convoluted tort claims under Puerto Rico law. In addition to the evident procedural complexity of the consolidated actions, it is worth noting that the FDIC-R removed the actions well over three years into state court litigation.

Contrary to the advanced stages of the litigation in state court, the case before this Court was stayed since its inception. As stated in the background section of this Order, from the get-go, this Court stayed all claims that were not related to FIRREA. In doing so, the Court made clear its decision was based on "the complexity of the case due its sheer volume of litigants, the length of time it has already been in litigation in the state court, and the number of litigants who have not entered an appearance in the roughly seven months since FDIC-R removed the case… Thus, continuing the proceedings as to all of the other claims not involving FDIC-R may impose an unnecessary and unduly burdensome doubling of efforts on plaintiffs." **ECF No. 68** at 3.

Once the administrative claim process between the FDIC-R and plaintiffs concluded and the FDIC-R moved to dismiss under FIRREA, the Court again issued a stay of the case. **ECF No. 70**. Specifically, in December 2018, the Court stayed the proceedings as to all parties. Yet, the Court carved out a very important exception: the case would *not* be stayed as to "**those with**

**claims involving the FDIC. Any party that asserts a claim outside the FDIC dispute, for which there is independent federal jurisdiction, may file an informative motion identifying the jurisdictional basis**." **ECF No. 83** (emphasis added). Clearly, the Court's intention behind the December 2018 stay was to avoid piecemeal litigation by addressing at once all claims and defenses involving FIRREA.

Bautista concedes that plaintiffs' claims "against [it] are interconnected with the federal claims that gave way to the dismissal of the FDIC-R." **ECF No. 157** at 10(emphasis added). However, Bautista did not move to join the FDIC-R's request for dismissal, nor did Bautista move for any type of relief before November 11, 2019. According to the record, Bautista entered a notice of appearance on April 16, 2018 (**ECF No. 11**) but since then it watched from the sidelines as the dismissal of plaintiffs' claims against the FDIC-R unfolded.

Moreover, considering the fact that several co-defendants moved to remand the case as soon as the FDIC filed its notice of removal, the Court stayed the case except for those "claims involving the FDIC." *See* **ECF Nos. 16, 19, 20, 50, 51**. The Court specifically referred to a Magistrate Judge the FDIC-R's motion to dismiss under FIRREA "and all relevant filings thereto." **ECF No. 104**. The Magistrate Judge issued its R&R recommending dismissal of plaintiffs' claims pursuant to FIRREA (**ECF No. 124**), and finally, plaintiffs filed objections to the R&R, **ECF No. 127**. Despite all these events and time transpired, Bautista did not move to join the FDIC-R's request for dismissal under FIRREA, nor did it file a dispositive motion until after the Court entered an order adopting the R&R for statistical purposes.

Contrary to the passive role assumed in federal court, Bautista has actively argued its case for dismissal before the state court since 2015. *See* **ECF No. 157** at 10. "Bautista has expressly argued, on March 27, 2015, it executed a Bill of Sale with the FDIC-R through which it acquired, among other things, the loan agreement related to the construction of the Hacienda Las Lomas project… as of this date, Bautista has not foreclosed on the loan agreement nor has acquired the Hacienda Las Lomas project in any way… [plaintiffs'] claims against Bautista are not based on Bautista's acts or omissions, but rather on the failed Doral Bank's conduct as the financial institution of the Hacienda Las Lomas project. It follows that Plaintiffs' claims against Bautista are governed by FIRREA." *Id.*

In addition, it is worth nothing that Bautista is not the only defendant to these consolidated actions. The claims against Bautista seem to be just the tip of the iceberg. Among the plethora of claims included in the consolidated actions, plaintiffs' claim damages related to significant landslides which effected their homes in Hacienda Las Lomas. *See* **ECF No. 4-2** at 19-20. As discussed before, all these issues have been litigated in state court for three years prior to the filing of the notice of removal. Furthermore, once removed, the proceedings before this Court were immediately stayed.

Without a doubt, considerations of "comity, judicial economy, convenience, fairness" all tilt the scale in favor of not exercising supplemental jurisdiction over the remaining state claims. While the state court "litigation had matured well beyond its nascent stages," aside from the

claims against the FDIC-R, the case before this court has not matured at all because of the stay the Court granted following the removal.

**(ii) Vacuous act**

Bautista's next argument in support their request for this Court to exercise supplemental jurisdiction is that the remand would be "futile" because plaintiffs' claims "are not based on Bautista's acts or omissions, but rather on… [Doral]'s conduct." **ECF No. 157** at 10. Relying on this Court's determination that plaintiffs did not exhaust FIRREA's administrative claim process, s*ee* **ECF No. 145**, Bautista asserts that the state court lacks subject matter jurisdiction over plaintiffs' claims, which remand would thus result in a vacuous act. *Id* at 11. While true that under the parameters discussed in this Court's Opinion and Order the state court as well as this Court lack subject-matter jurisdiction over "(i) any claim… seeking a determination of rights with respect to, the assets of [Doral]; or (ii) any claim relating to any act or omission of [Doral]," (*See* **ECF No. 154** citing 28 U.S.C. 1821), the fact remains that the Court is not in a position to readily and immediately adjudicate the matter in Bautista's favor. That endeavor pertains to the state court in this particular case and context.

Bautista's vacuous argument is built on at least two premises, which are identified in Bautista's motion to alter judgment: (i) "Bautista has not foreclosed on the loan agreement nor has [it] acquired the Hacienda Las Lomas project in any way," (ii) "contrary to Plaintiffs' contentions, their claims against Bautista are not based on Bautista's acts or omissions, but rather on the failed Doral Bank's conduct as the financial institution of the Hacienda Las Lomas

project." **ECF No. 157** at 10. Despite the fact that Bautista's arguments seem sound and correct under the applicable law, this Court is in no position to make such findings because the issue was not brought to the Court before the Court entered its final Order. **ECF No. 142**. That determination is thus for the Puerto Rico Court of First Instance to make on remand, which brings us to Bautista's final argument.

### (iii) The "appropriate action in light of the facts"

Lastly, Bautista urges this Court to retain supplemental jurisdiction to prevent that its motion to dismiss "be lost within the broader substantive claims brought by the multiple parties to the instant action," and avoid the costs associated with state court litigation. **ECF No. 157** at 12. It also argues that this Court is "better positioned… to rule 'pursuant to FIRREA's mandate." *Id* at 13.

"While dismissal may sometimes be appropriate if the federal-question claim is eliminated early in the proceedings, *see, e.g., Martínez v. Colón*, 54 F.3d 980, 990 (1st Cir.), *cert. denied*, 516 U.S. 987 [] (1995), each case must be gauged on its own facts." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d at 257. Accordingly, the court should approach this issue with pragmatism and a case-specific analysis. *Id*.

There is absolutely no reason or justification to sustain that Bautista's subject matter challenges under FIRREA will be lost in state court litigation. Neither is there any basis to conclude that state court is not well-positioned to interpret and apply FIRREA. After all, there are not one, but several decisions by the Court of Appeals for the First Circuit that may very well

guide the applicable analysis.[6] Considering the background and facts of this case, along with all the factors discussed above, the Court finds that there are no indicia to hold that the state court is not in a position to properly apply FIRREA and ruled upon Bautista's defenses.

### III. Conclusion

Bautista has failed to establish that in entering its Opinion and Order and Judgment the Court committed a "manifest error of law." *See Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir.2007). After a careful analysis and exercising its "informed discretion," this Court hereby **DENIES** Bautista's motion to alter judgment at **ECF No. 157**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March 2021.

> **S/AIDA M. DELGADO-COLÓN**
> **United States District Judge**

---

[6] For example, the First Circuit has reasoned that if the claims against the purchasing bank are not of its "independent misconduct" "but exist[ ] only because the failed institution['s]" acts or omissions, they are subject to the jurisdictional bar. *Acosta-Ramírez v. Banco Pop. de Puerto Rico*, 712 F.3d 14, 21 (1st Cir. 2013) (quoting *Tellado v. IndyMac Mortgage Services*, 707 F.3d 275, 280-81 (3rd Cir. 2013))(internal quotation marks omitted). Pursuant to FIRREA's mandate, if the state court finds that the claims against Bautista pertain to "(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of [Doral]; or (ii) any claim relating to any act or omission of [Doral]" the claims must be dismissed for lack of subject matter jurisdiction. In reaching this determination, courts must examine if "plaintiffs' claims are indeed really claims against the receivership" or against the failed bank. *Acosta-Ramírez v. Banco Pop. de Puerto Rico*, 712 F.3d at 21. "Looking to the substance rather than the form," the *Acosta-Ramírez* court considered, among other factors, whether the claims turned on the FDIC's or failed bank's decisions. *Id*.